

FILED
JAN 3 1 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

McGREGOR W. SCOTT
United States Attorney
LAURA D. WITHERS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN CROWNOVER,<br><br>Defendant. | CASE NO: 1:19-CR-00018 DAD BAM<br><br>VIOLATIONS: 29 U.S.C. § 501(c) – Embezzlement and Theft of Union Assets (1 count); 18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft (1 count); 18 U.S.C. § 981(a)(1)(C), 982(a)(2), 1029(c)(1)(C), 28 U.S.C. § 2461(c), and 28 U.S.C. § 2461(c) – Criminal Forfeiture |

## INDICTMENT

COUNT ONE:   [29 U.S.C. § 501(c) – Embezzlement and Theft of Union Assets]

The Grand Jury charges:

KEVIN CROWNOVER,

defendant herein, as follows:

I.   INTRODUCTION

1.   At all times relevant to this Indictment, defendant KEVIN CROWNOVER resided and carried out his scheme in Kings County, California, in the State and Eastern District of California.

II.   LABOR ORGANIZATION #1

2.   Labor Organization #1 has been in existence in Lemoore, in Kings County, California, since May 2014. The members are employed as mechanics by several entities at Lemoore Naval Air Station.

3. Labor Organization #1 is a labor organization engaged in an industry affecting interstate and foreign commerce, and it is subject to the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 401, *et seq*.

### III. MANNER AND MEANS OF THEFT

4. At all times relevant to this Indictment, defendant KEVIN CROWNOVER embezzled, stole, and unlawfully and willfully abstracted and converted to his own use and the use of another the moneys, funds, securities, property, and other assets of Labor Organization #1 by the following manner, means, and acts:

5. Defendant KEVIN CROWNOVER was the treasurer for Labor Organization #1 from approximately June 2015 to approximately November 2016. As treasurer, defendant KEVIN CROWNOVER was responsible for managing the financial affairs of the union. He was responsible for depositing membership dues into Labor Organization #1's checking account, and he was one of two signatories on the Labor Organization #1 checking and savings accounts.

6. As treasurer, defendant KEVIN CROWNOVER was responsible for maintaining Labor Organization #1's checkbook, which remained in his sole possession. Labor Organization #1 required that all checks be signed by two officers. Labor Organization #1's President at the time, J.H., was the only other signatory on the union's checking and savings accounts and the only other officer besides defendant KEVIN CROWNOVER authorized to sign checks for Labor Organization #1.

7. From at least September 2015, but no earlier than June 2015, to on or about October 31, 2016, in order to unlawfully obtain monies, funds, securities, property, and other assets of Labor Organization #1, defendant KEVIN CROWNOVER generated at least seventy (70) unauthorized Labor Organization #1 checks to himself, upon which he forged a signature not his own, including at least five (5) checks upon which he forged the signature of J.H. Defendant KEVIN CROWNOVER then endorsed the checks and deposited the funds into his personal bank account in the amount of approximately $36,325.00. Defendant KEVIN CROWNOVER used the money for personal expenses.

8. From at least June 2015 to on or about October 31, 2016, in order to unlawfully collect monies, funds, securities, property, and other assets of Labor Organization #1, defendant KEVIN CROWNOVER also made unauthorized cash withdrawals from the Labor Organization #1's checking

and savings accounts and made unauthorized "cash back" withdrawals in conjunction with depositing funds into Labor Organization #1's checking account.

9. As a result of his conduct, defendant KEVIN CROWNOVER unlawfully embezzled, stole, abstracted, and knowingly converted to his own use and the use of another the monies, funds, securities, property, and other assets of Labor Organization #1, in an amount totaling at least $50,879.48.

IV. **EMBEZZLEMENT OF ASSETS**

10. Beginning in or about June 2015 and continuing to in or about October 2016, within the State and Eastern District of California and elsewhere, defendant KEVIN CROWNOVER while an officer, that is, treasurer of a labor organization engaged in an industry affecting interstate and foreign commerce and subject to the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 401 *et seq.*, did, with intent to defraud, embezzle, steal, abstract, and knowingly convert to his own use and the use of another, on a recurring basis, the moneys, funds, securities, property, and other assets of said labor organization in the approximate amount of $50,879.48, all in violation of 29 U.S.C. § 501(c).

COUNT TWO:        [18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft]

The Grand Jury further charges:

KEVIN CROWNOVER,

defendant herein, as follows:

11. Paragraphs 1 through 10 inclusive are incorporated by reference as if fully set forth herein.

12. On or about October 5, 2015, in the State and Eastern District of California and elsewhere, defendant KEVIN CROWNOVER knowingly possessed and used, without lawful authority, the means of identification of another actual person, including but not limited to the name and signature of individual J.H., to transfer funds from a bank account belonging to Labor Organization #1 into his personal bank account, during and in relation to a felony enumerated in 18 U.S.C. § 1028A(c), namely Bank Fraud, in violation of 18 U.S.C. § 1344(2).

13. Specifically, with the intent to defraud, defendant KEVIN CROWNOVER used the

means of identification of J.H. to knowingly execute and attempt to execute a scheme and artifice to obtain moneys, funds, credits, assets, and properties owned by, and under the custody and control of, a federally insured financial institution, to wit, Families and Schools Together (FAST) Credit Union, by means of materially false and fraudulent pretenses, representations, and promises, all in violation of 18 U.S.C. § 1344(2).

All in violation of Title 18, United States Code, Section 1028A(a)(1).

FORFEITURE ALLEGATION: [18 U.S.C. § 981(a)(1)(C), 982(a)(2), 1029(c)(1)(C), and 28 U.S.C. § 2461(c)]

14. Upon conviction of the offense alleged in Count One of this Indictment, defendant KEVIN CROWNOVER shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to such violation.

15. Upon conviction of the offense alleged in Count Two of this Indictment, defendant KEVIN CROWNOVER shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and 982(a)(2), any property constituting or derived from proceeds obtained directly or indirectly, as a result of such violation; and pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property used or intended to be used to commit the offenses alleged in Count Two, including but not limited to the following:

    a) A sum of money equal to the total amount of proceeds obtained as the result of the offenses for which the defendant is convicted.

16. If any property subject to forfeiture as a result of the offenses alleged in this Indictment, for which the defendant is convicted:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), and pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2), and 1029(c)(1)(C), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA

_____
FOREPERSON

McGREGOR W. SCOTT
United States Attorney

**KIRK E. SHERRIFF**
_____
KIRK E. SHERRIFF
Chief, Fresno Office
Assistant United States Attorney