McGREGOR W. SCOTT
United States Attorney
LAURA D. WITHERS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN CROWNOVER,<br><br>Defendant. | CASE NO. 1:19-CR-00018-DAD-BAM<br><br>STIPULATION TO CONTINUE TRIAL DATE AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: May 27, 2020<br>TIME: 8:30 a.m.<br>COURT: Hon. Dale A. Drozd |

This case is set for jury trial on May 27, 2020. On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

1

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the [event]. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for jury trial on May 27, 2020.

2. By this stipulation, defendant now moves to continue the jury trial until October 14, 2020, and to exclude time between May 27, 2020, and October 14, 2020, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has represented that the discovery associated with this case has been either produced directly to counsel and/or made available for inspection and copying.

b) Counsel for defendant desires additional time to review discovery, consult with his client, conduct investigation, and prepare for trial.

c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government does not object to the continuance.

e) In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because:

- The trial would involve individuals, including defense counsel, with high-risk factors.
- Counsel and other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the trial proceed as planned, particularly with respect to preparing for said trial as that would necessitate in-person witness interviews and preparation.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 27, 2020 to October 14, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: April 10, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ LAURA D. WITHERS
LAURA D. WITHERS
Assistant United States Attorney

Dated: April 10, 2020

/s/ JAMES HOMOLA
JAMES HOMOLA
Counsel for Defendant
KEVIN CROWNOVER

## FINDINGS AND ORDER

For reasons set forth above, the continuance requested by the parties is granted for good cause and time is excluded under the Speedy Trial Act from May 27, 2020, to and including October 14, 2020, based upon the Court's finding that the ends of justice outweigh the public's and defendant's interest in a speedy trial and that defendant's counsel requires additional time to adequately prepare for trial. 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv).

**IT IS ORDERED** that the Trial Confirmation currently scheduled for May 11, 2020, at 10:00 a.m. is continued to **September 28, 2020, at 10:00 a.m.** and the Jury Trial currently scheduled for May 27, 2020, at 8:30 a.m. is continued to **October 14, 2020, at 8:30 a.m.**

IT IS SO ORDERED.

Dated: **April 10, 2020**

UNITED STATES DISTRICT JUDGE